UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE ANN HARRELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Respondent. | No. 1:17-cv-01503-GSA<br><br>**ORDER TRANSFERRING CASE TO THE U. S. DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA** |

On November 8, 2017, Plaintiff Julie Ann Harrell filed a complaint in the Eastern District of California seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits pursuant to Title II of the Social Security Act. Doc. 1. At the time of filing, however, Plaintiff resided within the jurisdiction of the United States District Court for the Eastern District of North Carolina, where she continues to reside. Doc. 25.

A claimant of Social Security benefits whose application has been denied by the Commissioner may seek review of such decision "in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405(g). On January 18, 2019,

1

following its discovery that Plaintiff likely did not reside within the jurisdiction of the Eastern District of California, this Court issued an order to show cause why the above-captioned case should not be transferred to proper venue, or dismissed. Doc. 23.

On February 15, 2019, Plaintiff, through her counsel of record Monica Perales, consented to the transfer of her case to the Eastern District of North Carolina. Doc. 25. Plaintiff requested thirty (30) days to secure counsel in North Carolina. Doc. 25. The Court granted Plaintiff's request. Doc. 26. On March 19, 2019, counsel filed a response advising the Court of Plaintiff's inability to find counsel in North Carolina and her intent to represent herself. Doc. 27. In the same document, counsel requested to be relieved of her representation of Plaintiff upon transfer to the North Carolina court. Doc. 27.

**Legal Standard**

In the Eastern District of California, attorneys representing parties to civil cases are subject to Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d); *see also Thomas v. Experian Info. Soutions, Inc.*, 2014 WL 7359180 at *1 (E.D. Cal. Dec. 23, 2014) (No. 2:13-cv-02674-MCE-CKD) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); *Canandaigua Wine Co., Inc. v. Edwin Moldauer,* 2009 WL 89141 at *1 (E.D. Cal. Jan. 14, 2009) (No. 1:02-cv-06599-OWW-DLB) (finding that the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

///

The Rules of Professional Conduct of the State Bar of California provide that an attorney may withdraw from representation if the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively." California Rules of Professional Conduct, Rule 1.16(b)(4). The Rules also allow for permissive withdrawal where "the lawyer believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Rule 1.16(b)(10). As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court. *Thomas*, 2014 WL 7359180 at *1; *Canandaigua*, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua*, 2009 WL 89141 at *1. "In determining whether good cause for withdrawal exists, courts have considered whether the client is cooperative or seeks to dictate litigation strategy." *Id.* at *2 (citation omitted).

**Discussion**

Upon review of Plaintiff's March 19, 2019, response and the record as a whole, the Court finds that permitting counsel to withdraw is appropriate. According to the record as a whole and Plaintiff's response to the order to show cause (Doc. 25), Plaintiff did not disclose her residence when she retained Ms. Perales, but gave Ms. Perales the address of her mother who lives within the Eastern District of California. Ms. Perales, who is not admitted to the bar of the Eastern District of North Carolina, would not have agreed to represent Plaintiff had she been aware that Plaintiff resided in North Carolina. Doc. 27.

Ms. Perales is not familiar with laws and procedures applicable in the Eastern District of North Carolina and the U.S. Court of Appeals for the Fourth Circuit, within which the North Carolina District Court is located. Doc. 27. The expense of *pro hac vice* admission to the Eastern District of North Carolina, and the time required to educate herself on applicable law in a distant jurisdiction, would create financial hardship for counsel. Doc. 27. Further, counsel's lack of

familiarity with laws and procedures applicable in an unfamiliar jurisdiction would further delay the case and presents the possibility or compromising Plaintiff's cause.  Counsel has made reasonable efforts to assist Plaintiff in securing counsel in North Carolina, but Plaintiff has determined to represent herself.  Doc. 27.

### **Conclusion and Order**

Accordingly, the Court hereby ORDERS the following:

1. Monica Perales shall withdraw as counsel of record for Plaintiff Julie Ann Harrell;

2. Plaintiff Julie Ann Harrell is substituted *in propria persona* in place of Monica Perales and the Law Offices of Lawrence D. Rohlfing;

4. Within five (5) days of this order, Monica Perales shall serve Julie Ann Harrell with a copy of this order and a copy of the order of the same date transferring the above-captioned case to the U.S. District Court for the Eastern District of North Carolina.  Ms. Perales shall file proof of such service in this Court;

5. Within ten (10) days of service of this order and the order of the same date transferring the above-captioned case to the U.S. District Court for the Eastern District of North Carolina, Plaintiff shall notify this Court and the Clerk of Court of the Eastern District of North Carolina of her current mailing address and telephone number.

IT IS SO ORDERED.

Dated: __**March 20, 2019**__            _____/s/ Gary S. Austin_____
                                                         UNITED STATES MAGISTRATE JUDGE